IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60536
Summary Calendar
_____


DEBBIE LEE PUGH, wife of Joseph Lee Pugh; JOSEPH LEE PUGH,

     Plaintiffs-Appellants,

                     versus

WAL-MART STORES, INC.,

     Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:99-CV-346-GR
_____

December 19, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Debbie Lee and Joseph Lee Pugh appeal from the district court's denial of their motion for a new trial. They argue that the trial court erroneously refused to give their proposed spoilation of evidence instruction and improperly allowed the use of Mrs. Pugh's medical records and a lawsuit previously filed by Mr. Pugh for impeachment purposes on cross-examination.

---

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We will assume, without deciding, that the proposed spoilation instruction based on Mississippi law correctly stated the law the district court was bound to apply.[1] The record, however, reveals that the challenged instruction could not have affected the outcome of the case because there was no evidence of bad faith destruction of evidence by the defendant with regard to the destroyed bottle or the lack of a videotape or photographs.[2] As such, the district court did not abuse its discretion in concluding that the Pughs are not entitled to a new trial on these grounds.

The Pughs also complain that it was improper and unfair for the district court to allow the defendant's attorney to cross examine Mrs. Pugh using her medical records dating from the period prior to her fall in the instant case. We find no abuse of discretion in this evidentiary ruling.[3] This was proper

---

[1] *See Williams v. Briggs Co.*, 62 F.3d 703, 708 (5th Cir. 1995); *see also Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 356 (5th Cir. 2000). *Compare also United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) (holding that an adverse inference instruction based on spoilation of evidence is "predicated on bad conduct"), *cert. denied*, 121 S. Ct. 1488 (2001), *with Wilson v. State*, 661 So.2d 1109, 1115 (Miss. 1993) (noting that a "presumption of inference arises, however, only where the spoilation or destruction was intentional and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent" (internal quotation marks omitted)) (Smith, J., dissenting), *and Washington v. State*, 478 So.2d 1028, 1032 (Miss. 1985) (same).

[2] *See Russell v. Plano Bank & Trust*, 130 F.3d 715, 719 (5th Cir. 1997).

[3] *See Cozzo v. Tangipahoa Parish Council-President Gov't*, 262 F.3d 501, 518 (5th Cir. 2001).

impeachment by documents which did not need to be entered into evidence,[4] and therefore, by the pre-trial order's own terms, did not need to be listed in the pre-trial order or turned over to the Pughs before trial.[5]  Accordingly, the district court's denial of the Pughs' motion for a new trial on this ground was not an abuse of discretion.

The Pughs finally argue that the district court erred in allowing cross examination of Mr. Pugh based on a prior lawsuit he filed seeking $20 million in damages for, *inter alia*, mental anguish.  Plaintiff's counsel, however, did not object to this evidence at trial, thereby forfeiting the issue for appeal.[6] Reviewing only for plain error, we conclude that the trial court's allowance of this cross examination based on proper impeachment evidence did not affect the Pughs' substantial rights or seriously affect the fairness, integrity or public reputation of judicial proceedings, and, as such, its subsequent denial of the Pughs'

---

[4] *Cf. Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 765-66 (5th Cir. 1991).

[5] *See* FED. R. CIV. P. 26(a)(1)(B); *cf. also Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993) (holding surveillance videotape of personal injury plaintiff engaged in daily activity was both substantive and impeachment evidence and so was not covered by pre-trial order's provision for non-disclosure of impeachment evidence).

[6] *See C.P. Interests, Inc. v. Calif. Pools, Inc.*, 238 F.3d 690, 701 (5th Cir. 2001).

motion for a new trial on this ground was not an abuse of discretion.[7]

AFFIRMED.

---

[7] *See Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999); *Highlands Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 27 F.3d 1027, 1031 (5th Cir. 1994).